UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Lawrence                                                    Civil Action No. 09–1990

versus                                                      Judge Tucker L. Melançon

Morris, et al                                               Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is an unopposed[1] Motion To Strike Penalty, Punitive or Exemplary Damages filed by the City of Eunice; Mayor Robert Morris, in his official capacity as Mayor of the City of Eunice; Nelson James, in his official capacity as an employee of the City of Eunice; Ginny Moody, in her official capacity as an employee of the City of Eunice; Joan M. McManus, in her official capacity as an employee of the City of Eunice; and, Jacqueline Thibodeaux, in her official capacity as an employee of the City of Eunice [Rec. Doc. 6]. For the reasons that follow, the motion will be granted.

### I. *Standard of Review.*

Federal Rules of Civil Procedure Rule 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir.,2007).

---

[1] Pursuant to Local Rule 7.5W, the deadline for filing any opposition to the motion was February 3, 2010. *L.R. 7.5W*. As no opposition was filed, defendants' Statement of Uncontested Facts, *R. 17-1*, is deemed admitted. *L.R. 56.2W*.

"Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts . . . It is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962). Because of the reluctance of courts to grant Rule 12(f) motions, the "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.*

### *1. Punitive Damages Claims Against the Named Defendants in Their Official Capacities Under § 1983 and For Constitutional Violations*

All of the defendants contend that plaintiff's demand for punitive damages against them in their official capacities should be stricken from the pleadings because punitive damages are not recoverable against a municipality nor its officers in Section 1983 actions. *R. 8; 14.* The Supreme Court has also held unequivocally that punitive damages cannot be imposed against a municipality in a § 1983 action. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981). The Supreme Court has also held that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 161 (1985) *citing Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55 (1978). Plaintiff is barred from recovering punitive damages against an official acting in his official capacity. Accordingly, plaintiff cannot recover such damages under § 1983 against Mayor Robert Morris, Nelson

2

James, Ginny Moody, Joan M. McManus, or Jacqueline Thibodeaux in their official capacities, and defendants' motion will be granted in that respect.

### 2. *State Law Punitive Damages Claims*

In addition to his federal claims, plaintiff alleges causes of action under Louisiana state law for wrongful discharge in violation of LSA-R.S. 23:961, tortious interference with contract, defamation and negligence under LA. C. Civ. Proc. Art. 2315. *R. 1, Complaint, Amended Complaint.* It is well settled Louisiana law that punitive damages are not allowed in civil cases unless specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages may be recovered. *See International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La. 1988). Nowhere in the pleadings does plaintiff identify a statutory provision which allows recovery of punitive damages for the state law claims that plaintiff asserts against any of the defendants. *See Price v. Louisiana Dept. of Transp. and Development*, 608 So.2d 203, 208 (La.App. 4 Cir.,1992). Accordingly, the Court will also strike plaintiff's claims for punitive damages under his state law claims asserted against all defendants in their official capacities.

3