UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH LAWRENCE | * | CIVIL NO. 6:09-1990 |
| VERSUS | * | JUDGE MELANCON |
| ROBERT MORRIS, ET AL. | * | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION

Before the court is the Motions to Dismiss filed by the defendants, Mayor Robert Morris ("Mayor Morris"), Nelson James ("James"), Ginny Moody ("Moody"), Joan M. McManus ("McManus"), and Jacqueline Thibodaux ("Thibodeaux"). [rec. doc. 7]. By this Motion, the defendants seek dismissal of this action based on prescription, *res judicata,* the law of the case doctrine and the full faith and credit afforded state court judgments. The plaintiff, Joseph Lawrence ("Lawrence"), has not filed Opposition to the Motion. A hearing on the Motion was held on February 17, 2010 before the undersigned Magistrate Judge. Counsel for Lawrence, Jarvis Jerome Claiborne, did not appear at the hearing.[1]

For the following reasons, while recognizing that this Court's local rules require the filing of timely opposition, but further recognizing this Court's obligation to only grant relief to which a party may be entitled, **IT IS RECOMMENDED** that the Motions to Dismiss [rec. doc. 7] be **DENIED** as to all claims asserted by Lawrence under 42 U.S.C. § 1983.

---

[1]A telephone call was placed to counsel's office at the time of the hearing. Counsel's office informed the court that counsel was in State court and that this hearing did not appear on counsel's calendar. Why counsel did not bother to file an opposition is unknown.

**FACTUAL BACKGROUND**

The instant suit was filed in state court on January 2, 2008.  In his original petition, Lawrence alleges that on January 2, 2007, he was wrongfully terminated from his employment with the City of Eunice as a maintenance worker in the gas department by newly elected Mayor Morris.  Lawrence's claims were asserted under Louisiana state law against the sole defendant, Mayor Morris.[2]

On November 12, 2009, Lawrence filed an Amending and Supplemental Petition in which he alleges that Mayor Morris wrongfully discharged him from his employment for political reasons in violation of his First Amendment rights to freedom of speech, association and assembly. [¶ III, XX].  More specifically, he alleges that he was a political supporter of former Mayor Lejeune, that he campaigned heavily for her, adamantly disagreed with Morris' political platform during his campaign and orchestrated an assembly of Eunice citizens to voice their disagreement with Morris' political agenda. [¶ IV-IX].

After Morris was elected, Morris told the city council that he would fire two employees, one of whom worked in the gas department. [¶. XII].  Morris additionally went to Lawrence's supervisor, James, and told James that he wanted to fire Lawrence and discussed with James how this was to be accomplished  [¶ XIII].

---

[2]In addition to plaintiff's state law wrongful termination claim, Lawrence additionally asserted claims for intentional and negligent infliction of emotional distress and defamation.

Lawrence further alleges that James, Moody, McManus and Thibodeaux conspired with Mayor Morris to fire him. [¶ XIV, XVIII, XX]. More specifically, Lawrence alleges that James, by signing a letter prepared by Morris listing pretextual reasons for his termination, and James, Moody, McManus and Thibodeaux, by signing an affidavit as the affiant, witnesses and notary, respectively, in which false and fraudulent information and misrepresentations about Lawrence's termination are stated, conspired with Mayor Morris to terminate him. [¶ XIV, XVI -XVIII, XX].

In addition to those damages sought in his original Petition, Lawrence also seeks damages available only in § 1983 litigation, that is, punitive damages and attorney fees, "against Robert Morris . . . and against co-conspirators James, Moody, McManus and Thibodeaux. [¶ XXI and XXII]. He additionally prays that his Amending and Supplemental Petition relate back to the original Petition. [¶ XXII].

A hearing on Mayor Morris' previously filed Motion for Summary Judgment[3], addressing only those claims asserted in the original Petition, was held on November 13, 2009, and the Motion was apparently taken under advisement. By Order dated November 16, 2009, the state court judge granted Lawrence leave of court to file his Amending and Supplemental Petition.

---

[3] The original Motion was filed on March 20, 2009. A Motion to Supplement and Re-urge the Motion was filed on October 1, 2009.

Thereafter, on November 24, 2009, the state court judge issued Reasons for Judgement on Mayor Morris' Motion for Summary Judgment, which had been filed prior to the filing of the Amending and Supplemental Petition, granting the Motion "with respect to the claims in the initial petition." In so holding, the state court judge found that Lawrence's status as an "at will" employee authorized Mayor Morris to terminate him at any time for any reason without incurring liability. Thus, Lawrence's state law claims contained in the original Petition were dismissed with prejudice. However, the state court judge noted that the summary judgment did not implicate the federal claims asserted in Lawrence's Amending and Supplemental Petition as the judge's ruling expressly states that it was "in reference to the original petition reserving right for the amended petition."

This case was removed from state court by all of the defendants on December 2, 2009 alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 1441(a) and (b). [rec. doc. 1]. Mayor Morris filed an Answer to the Amending and Supplemental Petition on January 13, 2010, and an Answer to the original and Amending and Supplemental Petition was filed by the other defendants that same date. [rec. docs. 4 and 5].

## LAW AND ANALYSIS

### Rule 12(b)(6) Motion to Dismiss Standard

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); F.R.C.P. 12(b)(6).

Moreover, it is proper to consider documents that a defendant attaches to a motion to dismiss, if such documents are referred to in the plaintiff's complaint and are central to the plaintiff's claim, as they form part of the pleadings. *Id*. at 498-499. Finally, in deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record. *Cinel v. Connick*, 15 F.3d 1338, 1343 fn.6 (5th Cir. 1994).

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

However, this principle is subject to some limitations. First, conclusory allegations and unwarranted deductions of fact are not accepted as true. *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir. 1982) *citing Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974); *Collins*, 224 F.3d at 498. Moreover, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) *quoting Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. The plaintiff's obligation is "to provide the 'grounds' of his 'entitlement to relief' [and] requires more than

mere labels and conclusions." *Id*. at 1964-1965 *citing Papasan*, 478 U.S. at 286.  The allegations must be sufficient "to raise a right to relief above the speculative level"; "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. at 1965 *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004).  If a plaintiff fails to allege facts sufficient to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id*. at 1974.

Viewing the well-pleaded facts as true and in the light most favorable to Lawrence, the undersigned finds that Lawrence has stated a § 1983 claim against the defendants that is plausible on its face. Thus, the dismissal of plaintiff's § 1983 claims for failure to state a claim should be denied.

Section 1983 provides a private right of action for damages to individuals who are deprived of "any rights, privileges, or immunities" protected by the Constitution or federal law by any "person" acting under the color of state law.  *Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007) *citing* 42 U.S.C. § 1983.  Thus, to state a claim under § 1983, two elements must be alleged: first, that the plaintiff was deprived of a right or interest secured by the Constitution and laws of the United States, and second, that the deprivation occurred by someone acting under the color of state law.  *Landry v. A-Able Bonding, Inc.,* 75 F.3d 200, 203 (5th Cir. 1996) *citing Flagg Bros, Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 1733 (1978);  *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994).

Lawrence has alleged sufficient facts to establish that Mayor Morris, James, Moody, McManus, and Thibodaux acted under the color of law, directly, and in the context of a civil rights conspiracy, to deprive him of his Constitutional rights under the First Amendment. While Lawrence's claim against James, Moody, McManus and Thibodeaux is not a model of clarity, considering the allegations as a whole, the facts alleged are sufficient "to nudge[] [his] claims across the line from conceivable to plausible."

Lawrence has further alleged that his discharge was in violation of his First Amendment rights to free speech, association and assembly. Although the state court found that Lawrence is an "at will" employee, an "at-will" public employee may not be discharged for exercising his First Amendment rights. *Cabrol v. Town of Youngsville*, 106 F.3d 101, 108 (5th Cir. 1997) *citing Thompson v. City of Starkville*, 901 F.2d 456, 460 (5th Cir.1990).

While Lawrence has stated a federal § 1983 cause of action, that is not to say that Lawrence will ultimately prevail. Rather, on the basis of the allegations before this court, plaintiff's § 1983 claim is sufficiently pled so as to avoid dismissal at this stage.

***Res Judicata*/Law of the Case/ Full Faith and Credit**

Because the Summary Judgment granted by the state court judge addressed only those state law causes of action set forth in Lawrence's original Petition, and did not address Lawrence's federal causes of action set forth in his Amending and Supplemental Petition, neither *res judicata* nor the law of the case doctrine bars these claims, nor is there any judgment with respect to these claims to which this court must accord full faith and credit.

Under Louisiana law, upon final judgment, *res judicata* or claim preclusion bars re-litigation of claims that were or could have been raised in a previous suit. *See Mandalay Oil & Gas, LLC v. Energy Development Corp.*, 867 So.2d 709, 713 (La. App. 1st Cir. 2002); *Avenue Plaza, LLC v. Falgoust*, 676 So.2d 1077, 1079 (La. 1996) ("*Res judicata* bars relitigation of a subject matter arising from the same transaction or occurrence of a previous suit"). Here, there was a partial judgment on *different* causes of action in the same suit.

Likewise, the law of the case doctrine "requires that courts not revisit the determinations of an earlier court"; it provides no bar when there has been no earlier determination. *In re Ford Motor Co.*, 591 F.3d 406, 411 (5th Cir. 2009); *Goodwin v. Johnson*, 224 F.3d 450, (5th Cir. 2000) (noting that the law of the case doctrine applies to a "court's decision of a legal issue, whether explicitly or by necessary implication . . . . "); *see also Avenue Plaza, LLC* , 676 So.2d at 1079 (under Louisiana law, the "'law of the case' doctrine applies to parties who have previously had the identical question presented *and decided* by an appellate court.") (emphasis added).

However, under Louisiana law collateral estoppel or issue preclusion precludes relitigation of any issue of fact or law necessary to a judgment in a different cause of action between the same parties. *Mandalay Oil & Gas*, 867 So.2d at 713. Thus, because the state court judge has found that Lawrence's state law claims against Mayor Morris were precluded by virtue of his "at will" employee status, Lawrence should be precluded form asserting these same or similar state law claims against James, Moody, McManus and Thibodeaux. Moreover,

he will be precluded from challenging his "at will" employee status in this court with respect to his § 1983 claims.

**Prescription**

The defendants argue that this action is prescribed because Lawrence was terminated on January 2, 2007 and his Amending and Supplemental Petition was not filed until November 12, 2009. They further argue that prescription was not interrupted by the filing of the suit against Mayor Morris and that the Amending and Supplemental Petition does not relate back to the original Petition. These arguments are not well taken.

It is not disputed that the original Petition was timely filed within Louisiana's one year prescriptive period. The defendants argue that the prescriptive period was not interrupted as to James, Moody, McManus and Thibodeaux by the filing of the original Petition against Mayor Morris because Mayor Morris has been found free from fault and dismissed. The record does not support this contention.

Under Louisiana law, prescription is interrupted by the filing of a suit in a court of competent jurisdiction and the interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors. *See* La. C.C. arts. 3463 and 2324(C). Likewise, prescription against one solidary obligor is effective against all solidary obligors. La.C.C. art. 1799. However, prescription is not interrupted when a timely sued joint tortfeasor is found free from fault and dismissed from the suit. *See Gioustover v. Progressive American Insurance Co.*, 561 So.2d 961, 964 (La. App. 4th Cir. 1990) (citing cases). The same is true with respect to

9

solidary obligors. *See Smith v. Xerox Corp.*, 718 F.Supp. 494, 495-496 (E.D.La. 1989).

Nothing before this court suggests that Mayor Morris has been found free from fault with respect to Lawrence's federal claims or that he has been dismissed from this lawsuit. To the contrary, it appears that summary judgment has only been granted with respect to the state law claims asserted against Mayor Morris in the original Petition. Mayor Morris remains a defendant in this lawsuit, however, with respect to Lawrence's § 1983 claims asserted in his Amending and Supplemental Petition. Indeed, after the state court judge granted the Motion for Summary Judgement, Mayor Morris joined in the removal of this action to this court and filed an Answer with respect to Lawrence's § 1983 claims asserted in his Amending and Supplemental Petition.

Furthermore, while the defendants argue that under subsections(c)(1)(A) and (C) of Rule 15, FRCP, the Amending and Supplemental Petition does not relate back to the filing of the original Petition, they fail to adequately explain why subsection (c)(1)(B) does not apply. Under Rule 15(c)(1)(B) amended pleadings "relate back" to the filing date of the original pleading when both the original pleading and the amendment arise out of the same "conduct, transaction, or occurrence set forth . . . in the original pleading." Fed. Rule Civ. Proc. 15(c)(1)(B). Thus, the focus is "not . . . the caption given a particular cause of action, but . . . the underlying facts upon which the cause of action is based." *Johnson v. Crown Enterprises, Inc.,* 398 F.3d 339, 342 (5th Cir. 2005) *citing Watkins v. Lujan*, 922 F.2d 261, 265 (5th Cir.1991). "The purpose of the rule is accomplished if the initial complaint gives the defendant

fair notice that litigation is arising out of a specific factual situation." *Id. citing Longbottom v. Swaby*, 397 F.2d 45, 48 (5th Cir.1968).

In the undersigned's view, the relevant "occurrence", for purposes of Rule 15(c)(1)(B), was Lawrence' January 2, 2007 allegedly wrongful termination. In his Amending and Supplemental Petition, liberally construed, Lawrence asserts a new claim for relief, a federal civil rights conspiracy, which stems from the same allegedly unlawful termination that was the subject of his original Petition. Both state and federal causes of action arise out of the same allegedly unlawful termination. Moreover, under the circumstances presented in this case, the undersigned cannot find that the defendants did not have fair notice. Accordingly, the Amending and Supplemental Petition relates back to the filing of the original Petition. For these reasons;

**IT IS RECOMMENDED** that the Motion to Dismiss filed by **DENIED.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. Douglass v. United Services Automobile Association, 79 F.3d. 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 16th day of March, 2010, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE