UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE  DIVISION

| | |
|---|---|
| Lawrence | Civil Action No. 09-1990 |
| versus | Judge Tucker L. Melançon |
| Morris, et al | Magistrate Judge C. Michael Hill |

**MEMORANDUM RULING**

Before the Court is an unopposed Motion for Summary Judgment filed by  defendants Mayor Robert Morris, individually and in his official capacity as Mayor of the City of Eunice, Nelson James, in his official capacity as an employee of the City of Eunice, Ginny Moody, in her official capacity as an employee of the City of Eunice, Joan M. McManus, in her official capacity as an employee of the City of Eunice, and Jacqueline Thibodeaux, in her official capacity as an employee of the City of Eunice.[1]  [Rec. Doc. 19].  Also before the Court is an unopposed Motion For Sanctions Pursuant to FRCP 11 [Rec. Doc. 20].  For the following reasons, the defendants' motion for summary judgment will be granted and the motion for sanctions will be granted.

*I.  Background*

Defendants' Statement of Uncontested Material Facts[2], *R. 19-7*, provides the following:

Plaintiff, Joseph Lawrence, was terminated from his position with the gas department  of the City of Eunice on January 2, 2007, by the newly elected mayor of Eunice, Robert Morris. *R. 19-7, Exh. A, Depo. Of Plaintiff, p. 19.*  Plaintiff filed a Petition for Damages for wrongful

---

[1]  Pursuant to Local Rule 7.5W the deadline to file an opposition to defendants' motion was November 17, 2010.

[2]  As no opposition was filed, defendants' Statement of Uncontested Facts [Rec. Doc. 19-7] is deemed admitted.  *L.R. 56.2W.*

termination against Morris in the 27th Judicial District Court, St. Landry Parish, Louisiana on January 2, 2008. *R. 3.* Morris filed a motion for summary judgment which as granted and plaintiff's claims were dismissed. *Id. at Exh. B, State Court Ruling.* As the Judgment was not appealed to the Louisiana Third Circuit Court of Appeal, it is now final. Prior to the ruling on the motion summary judgment, plaintiff filed an Amending and Supplemental Petition for Damages alleging constitutional violations under Title 42 U.S.C. § 1983, naming as defendants Robert Morris and, for the first time, Nelson James, Ginny Moody, Joan M. McManus and Jacqueline Thibodeaux. *R. 1, Exh. 1.* Plaintiff's only basis for filing suit against James, Moody, McManus and Thibodeaux is an affidavit executed by James, witnessed by Moody and McManus, and notarized by Thibodeaux. *Id. at Exh. E, Aff. of James.* The affidavit, wherein James gives his reason for seeking the termination of plaintiff, was executed over a year after plaintiff's termination. *Id.*

On December 2, 2009, defendants removed plaintiff's state court action to this Court. *R. 1.* On April 16, 2010, the Court issued a Scheduling Order setting the bench trial of this matter for March 21, 2011 and the discovery deadline for September 20, 2010. *R. 16.* Since removal, plaintiff has not attempted to take the depositions of Moody, McManus, or Thibodeaux in order to substantiate the claim of a conspiracy theory, which he now alleges violated his First Amendment Rights.

## II. Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party

2

is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[3] *Id.* at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.,* 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party.

---

[3] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.*

*Anderson,* 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III.  Analysis

#### A.  Motion For Summary Judgment

Defendants filed this motion for summary judgment, alleging that plaintiff's section 1983 claims against them should be dismissed with prejudice. *R. 19.* As noted in the foregoing, plaintiff failed to file any opposition to the motion for summary judgment. The fact that there is no opposition to defendants' motion does not necessarily mean defendants should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, as previously noted, the failure to file an opposition and statement of contested material facts requires the Court to deem defendants' Statement of Uncontested Material Facts admitted for purposes of this motion. *L. R. 56.2W.*

Plaintiff alleges a claim under 42 U.S.C. § 1983, contending that defendants conspired to terminate him for his political affiliation in violation of his First Amendment rights. As plaintiff alleges that he was fired because of his support for the former Mayor of Eunice, his allegations constitute a "patronage dismissal" in violation of the First Amendment. In support of his claim, plaintiff alleges in his amended petition:

4

>                                XVI.
>    Furthermore, over a year after Robert Morris fired Joseph Lawrence, Joseph Lawrence's former supervisor, Nelson James signed an affidavit dated February 29, 2008 which expressed his interest to recommend termination of Joseph Lawrence.
>    Ginny Moody and Joan McManus, who are both employees of the City of Eunice and work in Mayor Robert Morris' office, signatures appear on Nelson James Affidavit as witnesses.  Yet Nelson James in his September 11, 2009 deposition, could not confirm that he was in the presence of Ginny Moody and/or Joan McManus or any other witnesses when he signed the Affidavit.
>                                XVII.
>    Jacqueline Thibodeaux who is an employee of the City of Eunice and works in Mayor Robert Morris' office signature appears on Nelson James Affidavit as a notary.  However, Nelson James could not confirm that he was in the presence of Jacqueline Thibodeaux or any other notary when he signed the Affidavit.

*R. 1, Exh. 1, Plaintiff's Amended Petition.*

"In establishing the constitutional violation of a patronage dismissal, an essential element to the plaintiffs' case is demonstrating that the termination was politically motivated. It is undisputable that the termination of employees for political reasons is presumptively violative of the First Amendment. " *Correa v. Fischer,* 982 F.2d 931, 933 (5th Cir.,1993). Plaintiff's petition alleges that he "campaigned and supported" the incumbent mayoral candidate and that he "adamantly disagreed with [Morris'] political platform during his campaign." Plaintiff, however, has provided nothing outside of his pleadings to evidence that his termination was based on political motivation. *See Kelly v. City of Leesville*, 897 F.2d 172, 175 (5th Cir.1990) (Plaintiffs must show that the "protected conduct was a 'substantial' or 'motivating' factor in the decision at issue"); *Tanner v. McCall*, 625 F.2d 1183, 1193 (5th Cir.1980) ("Prima facie proof of a constitutional violation must include evidence of impermissible motive").

Plaintiff made no mention of political motivation in his May 30, 2008 deposition; Instead, he testified that he believed he was terminated because of his race. *R. 19-1, Exh. A, Depo. Of Plaintiff, p. 84*. Nor does the record reveal any evidence regarding the political motivation of the plaintiff's termination. Instead, the testimony of Nelson James, plaintiff's supervisor, provides that he was unsatisfied with plaintiff's work, which he outlined in a letter dated January 2, 2007. *R. 19-3, Exh. C, Depo. Of James, p. 58; R. 1, Exh.1, ¶ XIV*. In light of the foregoing, plaintiff has failed to establish prima facie proof of a constitutional violation and his claims alleging a patronage violation under § 1983 must be dismissed.

### B. Motion For Sanctions

Defendants also move the Court to impose sanctions against plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure. Rule 11 provides that, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed.R.Civ.P. 11(c)(1). This rule is "aimed at curbing abuses of the judicial system," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990), and is designed "to reduce the reluctance of courts to impose sanctions by emphasizing the responsibilities of attorneys and reinforcing those obligations through the imposition of sanctions," *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 870 (5th Cir., 1988). Along those lines, attorneys are required to sign "[e]very pleading, written motion, and other paper" and must certify to the best of their knowledge-formed after an inquiry reasonable under the circumstances-that allegations and other factual contentions submitted to the court have evidentiary support. *See* Fed.R.Civ.P. 11(a), (b)(3); *Jenkins v. Methodist Hosps. of Dallas, Inc.*, 478 F.3d 255, 263-64 (5th Cir. 2007); see also *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 567 (5th Cir.2006) (stating that an

attorney has a duty "to conduct a reasonable inquiry into the facts or law before filing the lawsuit" (internal quotations omitted)). These obligations are "personal [and] nondelegable," *Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120, 126 (1989), and they "must be satisfied; [a] violation ... justifies sanctions." *Whitehead v. Food Max of Mississippi, Inc*., 332 F.3d 796, 802 (5th Cir. 2003). In determining compliance with Rule 11, "the standard under which an attorney is measured is an objective, not subjective, standard of reasonableness under the circumstances." *Id*. (internal quotations omitted). "The reasonableness of the conduct involved is to be viewed at the time counsel ... signed the document alleged to be the basis for the Rule 11 violation." *Jennings v. Joshua Indep. Sch. Dist.*, 948 F.2d 194, 197 (5th Cir.1991).

Defendants' motion seeks Rule 11 sanctions against plaintiff because "[a]fter adding defendants James, Moody, McManus and Thibodeaux, plaintiff simply did nothing. Plaintiff alleges a conspiracy on the part of these defendants, yet made no attempts whatsoever to take their deposition testimony." The record indicates that defendants provided plaintiff with the opportunity to dismiss this case under the "safe harbor" provision of Rule 11,[4] to no avail. *R. 20; 09/20/10 letter to Attorney Claiborne.*

Rule 11(c) authorizes a court to impose an "appropriate sanction" on attorneys who violate Rule 11. Fed.R.Civ.P. 11(c)(1). In determining the appropriate sanction for plaintiff's

---

[4] Rule 11 contains a "safe harbor" provision by which litigants may avoid the imposition of sanctions for unsupported claims by taking timely corrective action. According to the Official Comments to the 1983 Rules Amendments that added this requirement to Rule 11, "[t]hese provisions are intended to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.... [T]he timely withdrawal of a contention will protect a party against a motion for [Rule 11,] sanctions." Federal Civil Judicial Procedure and Rules at 91 (West 2010 ed.).

attorney, this court observes that Rule 11 sanctions are meant to serve as a deterrent. Fed.R.Civ.P. 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."). Furthermore, "the sanction imposed should be the least severe sanction adequate to the purpose of Rule 11." *Thomas v. Capital Sec. Sys.*, 836 F.2d 866, 878 (5th Cir.1988).

Based on the record before it, the Court will grant defendants' motion for sanctions under Rule 11 against plaintiff's attorney, Jarvis Jerome Claiborne. In this case, the appropriate sanction against Attorney Claiborne is compensating defendants for the reasonable attorney's fees and costs they incurred in connection with filing the motion for summary judgment at bar.[5] The calculation of reasonable attorney's fees and costs under the "Lodestar method," applying the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974) will be referred to the Magistrate Judge assigned to his case.

## IV.  Conclusion

Accordingly, the unopposed Motion for Summary Judgment filed by defendants will be granted and plaintiff's claims under § 1983 will be dismissed with prejudice. Defendants' unopposed Motion for Sanctions will be granted and Attorney Jarvis Jerome Claiborne will be cast with attorneys' fees and costs incurred by defendants in connection with the filing of their Motion for Summary Judgment.

---

[5] While defendants contend that they "were required" to remove the action to this Court when plaintiff's amended petition was filed, they in fact chose to do so in light of plaintiff's federal question claim. *R. 19*.