## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSEPH LAWRENCE** | * | **CIVIL NO. 6:09-1990** |
| **VERSUS** | * | **JUDGE MELANCON** |
| **ROBERT MORRIS, ET AL.** | * | **MAGISTRATE JUDGE HILL** |

### ORDER

By Judgment of Judge Melançon dated January 11, 2011, the defendants were awarded reasonable attorneys' fees and costs in connection with the filing of their Motion for Summary Judgment against plaintiff's counsel, Jarvis Jerome Claiborne ("Claiborne"). [rec. doc. 23].

The determination as to the amount of reasonable fees to which the defendants are entitled pursuant to the Judgment was referred to the undersigned Magistrate Judge for Report and Recommendation. In light of the referral of this matter to the undersigned, the following Orders are hereby entered;

On or before **February 3, 2011**, the defendants **shall file** a fee affidavit and copies of all pertinent bills.  The affidavit **shall** contain:  (1) the customary hourly rate of each attorney and each paralegal involved;  (2) a detailed description of each task completed, and a statement of the amount of time expended upon each task. Counsel **shall** *itemize* each entry which contains billing for multiple tasks by expressly assigning a specific time for each task listed.  The bills **shall** be placed in sequential order and the pages shall be separately numbered.  **Failure to file the affidavit and supporting documentation in compliance with these requirements and/or within the deadline imposed will render the award of attorney's fees null and void.**

On or before **February 3, 2011,** the defendants **shall** additionally file a memorandum addressing each of the lodestar factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)[1], as modified by *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761 (5th Cir. 1996).  *See also Mid-Continent Casualty Company v. Chevron Pipe Line Company*, 205 F.3d 222 (5th Cir. 2000).

On or before **February 17, 2011**, Claiborne **shall** file his response setting forth all of his objections to the fee affidavit and supporting documentation submitted on behalf of the defendants.  The response shall be submitted in the form of a spread sheet with separate columns for the following: (1) the page number of the bill the entry appears on; (2) the date of the entry; (3) the attorney or paralegal who rendered the service; (4) the task listed in the entry and the time requested by the defendants therefore; (5) Claiborne's proposed reasonable time for the task listed in the entry; and (6) the basis of or reason for Claiborne's objection to the entry.  Claiborne **shall** address each entry to which he objects in this format.  **Failure to object in compliance with these requirements and/or within the deadline imposed will result in an award in favor of the defendants as requested.**

On or before **February 17, 2011,** Claiborne **shall** additionally file a memorandum addressing each of the lodestar factors set forth in *Johnson v. Georgia Highway Express, Inc.*,

---

[1] These factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

488 F.2d 714 (5th Cir. 1974)$^2$, as modified by *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761 (5th Cir. 1996).  *See also Mid-Continent Casualty Company v. Chevron Pipe Line Company*, 205 F.3d 222 (5th Cir. 2000).

Copies of all filings shall be delivered to the offices of the undersigned Magistrate Judge commensurate with filing.

The **Clerk** shall set the instant matter on the undersigned's **March 16, 2011** motion calendar **without** oral argument.

**Counsel shall immediately advise the offices of the undersigned in writing by fax in the event that an amicable settlement is reached.**

Signed at Lafayette, Louisiana on January 14, 2011.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

[2] These factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.