UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH LAWRENCE | * | CIVIL NO. 6:09-1990 |
| VERSUS | * | JUDGE MELANCON |
| ROBERT MORRIS, ET AL. | * | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION

Before the court is the determination as to the amount of reasonable attorney fees and

costs and expenses to which the defendants are entitled in connection with the filing of their

Motion for Summary Judgment. This award was rendered against plaintiff's counsel, Jarvis

Jerome Claiborne ("Claiborne"), pursuant to Rule 11 of the Federal Rules of Civil Procedure.

[*See* rec. doc. 23].  Pursuant to this court's January 14, 2011 Order, the defendants' counsel,

John F. Wilkes, III ("Wilkes"), has filed an affidavit of fees, as well as a memorandum

addressing the factors set forth in *Johnson v.  Georgia Highway Express, Inc.,* 488 F.2d 714,

717-19 (5th Cir. 1974). [rec. doc. 25].  Review of the affidavit and related filings reveals that

the defendants seek an award of $3,320.50 in attorneys' fees, that amount representing 22.90

hours at a rate of $145.00 per hour, and that the defendants do not seek an award for costs or

expenses.  Plaintiff's counsel, Claiborne, has filed no objections to the affidavit of Mr. Wilkes,

nor has he filed a memorandum addressing the *Johnson* factors.

GUIDELINES FOR ATTORNEYS' FEES CALCULATION

In the Fifth Circuit, the "lodestar" method is used to calculate reasonable attorneys' fees.

*See In re Fender,* 12 F.3d 480, 487 (5th Cir. 1994), *cert. denied,* 511 U.S. 1143, 114 S.Ct.

2165, 128 L.Ed.2d 888 (1994). In *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714,

717-19 (5th Cir. 1974), the Fifth Circuit identified twelve factors to be considered in

determining an award of reasonable fees. Although *Johnson* was a civil rights case, the

*Johnson* factors have been employed "whenever the award of reasonable attorneys' fees is

authorized by statute." *Dunkin Donuts Inc. v. Mercantile Ventures Inc.,* 1994 WL 720236, *3

(W.D.Tex. 1994).

Under the "lodestar" analysis, the determination of reasonable attorney's fees involves a

two-step procedure. *Louisiana Power & Light Company v. Kellstrom,* 50 F.3d 319, 324 (5th

Cir. 1995) *citing Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939. Initially, the district court must

determine the reasonable number of hours expended on the litigation and the reasonable hourly

rates for the participating lawyers. *Id*. Then, the district court must multiply the reasonable

hours by the reasonable hourly rates. *Id*. The product of this multiplication is the lodestar,

which the district court then either accepts or adjusts upward or downward, depending on the

circumstances of the case, assessing the dozen factors set forth in *Johnson v. Georgia Highway

Express, Inc*. *Wegner v. Standard Insurance Company,* 129 F.3d 814, 822 (5th Cir. 1997).

The twelve *Johnson* factors include: (1) the time and labor involved; (2) the novelty and

difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the

preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6)

whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the

results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of

the case; (11) the nature and length of the professional relationship with the client; and (12)

awards in similar cases. *Johnson,* 488 F.2d at 717-19.  Many of the *Johnson* factors are

subsumed within the initial calculation of hours reasonably expended at a reasonable hourly

rate, and should not be double counted. *Jason D.W.  by Douglas W. v. Houston Independent*,

158 F.3d 205, 209 (5th Cir. 1998).  Additionally, the Supreme Court has limited greatly the use

of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the

Fifth Circuit has held that "[e]nhancements based upon these factors are only appropriate in

rare cases supported by specific evidence in the record and detailed findings by the courts."

*Walker v. U. S. Department of Housing and Urban Development,* 99 F.3d 761, 771-72 (5th Cir.

1996) *citing Alberti v. Klevenhagen,* 896 F.2d 927, 936 (5th Cir.), *modified on other grounds*,

903 F.2d 352 (5th Cir. 1990) and *Pennsylvania v. Delaware Valley Citizens' Council for Clean

Air,* 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986).

The fee applicant bears the burden of proving the reasonableness of the number of hours

expended on their prevailing claim. *Leroy v. City of Houston,* 906 F.2d 1068, 1079 (5th Cir.

1990). Applicants do not have the right to bill for time on issues on which they do not prevail.

*Walker*, 99 F.3d at 769.  The party seeking attorney's fees must present adequately documented

time records to the court. *Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir. 1993).  Using this time

as a benchmark, the court should exclude all time that is excessive, duplicative, or inadequately

documented. *Id*. *citing  Hensley,* 461 U.S. at 432-34, 103 S.Ct. at 1939.  Moreover, hours

which result from the case being "overstaffed" or are "excessive, redundant or otherwise

unnecessary", even though actually expended, are not hours reasonably expended and are to be excluded from the calculation. *Leroy*, 906 F.2d at 1079 *citing Hensley,* 103 S.Ct. at 1939-40 and *Flowers v. Wiley*, 675 F.2d 704, 705 (5th Cir. 1982) ("there should have been no compensation for hours spent in duplicative activity. . . .").  The time of two or three attorneys in a courtroom or conference when one would do may be discounted.  *Johnson*, 488 F.2d at 717.   Finally, the court may reduce the fee award where a party fails to meet his evidentiary burden.  *Hensley*, 461 U.S. at 433; *Von Clark*, 916 F.2d at 259; *Leroy*, 831 F.2d at 585-86 (reducing the lodestar for inadequate documentation).

## ANALYSIS

The defendants seek  $3,320.50 for legal services performed by Wilkes and his law partners, Joy C. Rabalais ("Rabalais") and Erin N. Fruge ("Fruge"), of Borne & Wilkes, LLP. In support of the defendants' request, Wilkes submitted his affidavit, with attached billing records, as well as the affidavits of G. Edward Williams, Jr., Michael D. Hebert and Homer Ed Barousse, attorneys within this district who defend § 1983 civil rights cases.

REASONABLE HOURS EXPENDED

The defendants seek an award for 22.90 hours spent by their attorneys in connection with the filing of their successful Motion for Summary Judgement.  Claiborne does not contest the reasonableness of the requested hours claimed by the attorneys for Borne & Wilkes, LLP for legal services performed.  Moreover, review of the detailed billing records of Borne & Wilkes, LLP leads the undersigned to conclude that the requested hours for the work performed

are not excessive or duplicative, and are reasonable. Accordingly, the undersigned finds that the claimed 22.90 hours for these services should be awarded.

HOURLY RATE CLAIMED

Next, reasonable hourly rates for the Borne & Wilkes, LLP attorneys must be determined. Attorneys' fees are to be calculated at the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547 (1984). A reasonable rate is the market rate. *Conner v. Mid South Insurance Agency, Inc.,* 943 F.Supp. 663, 667 (W.D. La 1996). The "relevant community" for the purpose of awarding attorney fees is the judicial district in which the litigation occurred. *Jordan v. Allain*, 619 F.Supp. 98, 113 (N.D. Miss. 1985); *Eli Lilly*, 264 F.Supp.2d at 763-764 (collecting cases supporting the use of rates in the community where the forum court is located).

All three attorneys, Wilkes, Rabalais and Fruge, have submitted the same billing rate, $145.00 per hour. Wilkes' affidavit establishes their qualifications or experience, and in particular, Wilkes' experience in defending municipalities and its employees in § 1983 civil rights litigation. Moreover, the undersigned is aware of the extensive civil rights defense practice of the law firm of Borne & Wilkes, LLP. Furthermore, the defendants have submitted the affidavits of three local civil rights defense attorneys, Homer Ed Barousse, Edward Williams, Jr. and Michael D. Hebert, who charge rates of $120.00 to $160.00 per hour.

Plaintiff's counsel, Claiborne, has also failed to submit any evidence of the rates charged by civil rights defense attorneys in the Lafayette legal community. Furthermore, in the

undersigned's experience, as evidenced by the affidavits of Mr. Barousse, Mr. Williams and

Mr. Hebert, these rates are in the range of $120.00 to $160.00 per hour.  Examination of the

jurisprudence of this district indicates that hourly rates as high as $215.00 are reasonable in §

1983 litigation. *See Powell v. Hill,* 2008 WL 4933983 (W.D. La. 2008).[1]  Furthermore, the

undersigned recognizes that § 1983 litigation is a specialized area of the law which may

command a higher rate than that applicable to other types of civil litigation.

Based on the evidence presented, the undersigned's general knowledge of the

qualifications and experience of the Borne & Wilkes, LLP attorneys and the customary rates of

civil rights defense lawyers in this district, and  the fact that litigation under § 1983 may

command a higher rate, the undersigned finds the requested rate of $145.00 per hour for

services performed by Borne & Wilkes, LLP attorneys Wilkes, Rabalais and Fruge is

reasonable.

Lodestar Summary

In light of the above, the undersigned recommends that the fees be calculated as follows:

22.9 hours at the reasonable hourly rate of $145.00, for a total of $3,320.50.

*JOHNSON* ANALYSIS

The defendants have argued each of the twelve *Johnson* factors, but do not seek

---

[1]The Fifth Circuit has approved hourly rates of $175.00 for partners and $135.00 for associates in an antitrust suit litigated in the United States District Court for the Western District of Louisiana. *Strong v. BellSouth Communications,* 137 F.3d 844, 850 (5th Cir. 1998).  In *Conner,* 943 F.Supp. at 663, Judge Little approved hourly rates of $140.00 and $120.00 for attorneys and $40 per hour for paralegals in an ERISA action.  This Court also determined that $150.00 per hour was a reasonable fee for partners and $100.00 per hour was a reasonable fee for associates in a shareholder's derivative action. *Vidrine v. American Securities Bancshares of Ville Platte, Inc.*, No. 98-1939 (W.D. La. Nov. 8, 2001).

enhancement of the lodestar amount.

A listing of the factors and analysis of each factor as it applies in this case follows.  (1) Time and labor involved: The lodestar adequately compensates time and labor involved;  (2) Novelty and difficulty of the questions: Although this case involved litigation under 42 U.S.C. § 1983, neither the facts, nor the underlying legal theories involved in this case, were novel or overly difficult;  (3) The skill required to perform the legal services properly: The hourly rate adequately compensates counsel for the level of skill required to handle this matter competently;  (4) Preclusion of other employment: There is  no evidence to establish that the handling of this case precluded handling of other cases by the defendants' counsel, to the contrary, defense counsel admits the *de minimus* import of this factor;  (5) Customary fee: In accordance with the above analysis, the hourly rate awarded herein falls within the applicable range;  (6) Fixed or contingent fee: Review of the documentation submitted reveals that fees incurred in connection with this case were billed on an hourly basis; thus, this factor does not justify adjustment;[2]  (7) Time limitations: There is no evidence that any extraordinary time limitations or onerous circumstances justify an upward adjustment, to the contrary, defense counsel admits the *de minimus* import of this factor [3];  (8) The time involved and the results obtained: This case was dismissed on the defendants' Motion for Summary Judgment

---

[2]In *Walker,* 99 F.3d at 772, the Fifth Circuit noted that the Supreme Court has barred any use of the sixth factor.  *Id. citing  City of Burlington v. Dague,* 505 U.S. 557, 567, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992) and  *Shipes v. Trinity Indus.,* 987 F.2d 311, 320 (5th Cir.), *cert. denied*, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

[3]The seventh factor is subsumed in the number of hours reasonably expended.  *Walker,* 99 F.3d at 772.

approximately one year after removal from state court; thus, the lodestar adequately

compensates for this factor.  Additionally, although Judgment was rendered in the defendants'

favor, the Supreme Court has greatly limited the use of this factor. *Walker,* 99 F.3d at 771;  (9)

The experience, reputation and ability of counsel: The Borne & Wilkes, LLP counsel involved

in this litigation enjoy the reputation of providing competent representation; the lodestar,

however, adequately compensates for this factor;  (10) The undesirability of the case: Although

§ 1983 litigation may involve undesirable situations, this factor is adequately compensated by

the lodestar;  (11) The nature and length of the professional relationship with the client: While

Borne & Wilkes, LLP has represented the Louisiana Municipal Risk Management Association,

a self-insured fund which provides coverage for municipalities and police departments across

the State of Louisiana,  for over twenty years, the lodestar adequately compensates for this

factor;  (12) Awards in similar cases: There is no evidence that the award of fees sought herein

exceeds the amount awarded in similar cases, to the contrary, in light of the above analysis, the

award sought herein is minimal and entirely reasonable.

The lodestar is presumptively reasonable and should be modified only in exceptional

cases. *City of Burlington v. Dague,* 505 U.S. 557, 112 S.Ct 2638, 2641, 120 L.Ed.2d 449

(1992).  This is not such a case; the lodestar requires no adjustment.

COSTS AND EXPENSES

The defendants have not requested any award for costs or expenses.  Accordingly, the

undersigned recommends there be no award for these items.

## CONCLUSION

For the reasons assigned hereinabove, it is recommended that the sum of $3,320.50 in attorney's fees be awarded to the defendants.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, **79 F.3d. 1415 (5th Cir. 1996)**.

Signed this 3rd day of March, 2011 at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE